Bradley *v.* Chamberlin.

*➤➤➤◉◎◉◄◄◄*

## NEHEMIAH BRADLEY *v.* TIMOTHY CHAMBERLIN.

When partners commence business under written articles of co-partnership, expressed to be for the term of one year, and, without any new agreement being made, they continue the business for a longer period, the business of the subsequent years must be considered as conducted under the terms and conditions of the written agreement for the first year.

Where the written articles for the first year contained a provision that the active partner should receive no compensation for his time and services, unless a profit should be realized from the business, and the business was continued without any new arrangement being made, it was held that this restriction must be understood as applicable to the subsequent years.

But this restriction was held not applicable to services rendered by him, subsequent to the dissolution of the firm, in closing and settling its affairs.

And his claim for such subsequent services was held a proper item to be adjusted in an action of account between the partners, brought for the liquidation of their partnership accounts.

ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed to take the accounts of the parties.

The parties had been partners in trade, the defendant being the active partner, and this action was brought for the liquidation of the partnership accounts. There was no question made as to the amount of the plaintiff's account. In reference to the defendant's account the auditor reported as follows. The parties, on the third day of May, 1828, formed a co-partnership, under written articles expressed to be for one year, which contained this provision ; "said Chamberlin is to have fifty dollars a year out of the profits of said firm ; and in case of a loss, and there is no profits, he, said Chamberlin, is not to have any thing." The parties continued their business as partners about two years ; and no new agreement was made, but the business was continued without any thing being said as to the terms of the continuance. The auditor found that no profits were made by the firm during the continuance of their business. The defendant claimed for his services, rendered in conducting the business of the firm during the second year of its continuance, and, also, for his services for about four months, rendered, subsequent to the dissolution of the firm, in closing and settling its concerns.

The auditor reported, that, if neither of these claims were allowed to the defendant, there was due to the plaintiff from the defendant a balance of $235.05 ; that, if both of the said items of claim by the defendant were allowed to him, there was due to the plaintiff a balance of $38.17 ; but that, if the defendant was not entitled to be allowed for his services rendered prior to the dissolution of the firm, but was entitled to payment for his services rendered subsequent to that time, there was due to the plaintiff a balance of $147.55.

The county court rendered judgment for the plaintiff, upon the report, for $235.05. Exceptions by defendant.

*Bartlett & Fletcher* for defendant.

1. The defendant claims that he is entitled to a reasonable compensation for his services rendered in settling the affairs of the firm after its dissolution. *Willey* v. *Phinney, Adm'r.*, 15 Mass. 116. The defendant was the active partner, having charge of the company business, and devoting his time to the interests of the firm, relying for remuneration upon a supposed accumulating profit.

But, after the close of the business, the profits of course cease, and what one partner does, more than his co-partner, in settling matters, and bringing them to a final adjustment, would seem to be a proper matter to be charged to the firm.

2. The defendant claims, also, that he should be allowed a reasonable compensation for his services during the second year of the continuance of the firm. If the parties continued their business by mutual consent, without any thing being said as to the terms, the defendant insists that the terms of the articles of co-partnership cannot be infused into the business of the second year, but that there arose an implied obligation on the part of each, to the other, that he should do what should be right and equitable.

*W. Mattocks* and *C. Davis* for plaintiff.

The fact of a mutual assent by the parties to the continuance of the terms of the articles of agreement, under which they associated, is an inevitable conclusion from the circumstances. 3 Stark. Ev. 1078, 1252. The defendant's claim for his subsequent services is included in the general provision as to compensation, and must have been so understood. It is, in reality, a mere attempt to evade that provision.

The opinion of the court was delivered by

BENNETT, J. The defendant claims, upon the settlement of the partnership, that he should be allowed a reasonable compensation for his services the second year. By the articles of co-partnership, which was entered into for a single year, it was provided, that, if the firm made no profits, the defendant should not be entitled to compensation for his personal services. After the expiration of the year the parties continued their mercantile business by mutual consent, without any thing being said as to the terms upon which it should be continued. Of course we must understand that it was but an extension of the time of the original articles of copartnership ; and, as the auditor finds that the firm made no profits during the continuance of their business, the defendant should not be allowed to charge the firm for his services for the second year.

His claim for services rendered after the partnership business was discontinued, in settling up the business, stands upon different

ground.   The articles of copartnership, which preclude the defend-
ant from making a claim for his own personal services, must be
considered as being limited to the existence of the partnership.   We
can discover no good reason why the defendant should not have a
reasonable compensation for his time, spent in closing up the busi-
ness of the firm after its dissolution.   And this is a proper item to
be adjusted between the parties in an action of account to settle the
partnership concerns between them.   It is an incident to, and grows
out of, the partnership.

The judgment of the County Court is reversed, and judgment is
rendered for the plaintiff to recover the sum of $147.55.