TERENCE McCARREN *vs.* WILLIAM McNULTY & others.

A bill of exceptions to rulings of the court of common pleas cannot be amended by the justice who signed it, after it has been entered in this court; but this court, upon his certificate of an error therein, may postpone or continue the case, for the purpose of allowing a hearing in the court of common pleas upon the proposed amendment, and a certificate thereof to this court.

An action for work and labor in making a bookcase, which the plaintiff has agreed in writing to construct for the defendants, of a certain kind and dimensions, " in a good, strong and workmanlike manner, to the satisfaction of " one of the defendants, is not maintained by proof that it was constructed according to the terms of the agreement, without also proving that it was satisfactory to or accepted by that defendant.

ACTION OF CONTRACT for work done and materials furnished in making a bookcase.

At the trial in the court of common pleas, before *Mellen,* C. J.,

it appeared that the plaintiff agreed in writing with the defendants, (who were a duly authorized committee of the Young Men's Society of St. Peter's Church in Lowell,) for the sum of forty dollars, to build for that society, within a certain time, a bookcase of a kind and dimensions described in the agreement, and to finish it "in a good, strong and workmanlike manner, to the satisfaction of the president of the society."

The plaintiff offered evidence tending to show that he had built the bookcase according to the description in the agreement, but that the president of the society, who was one of the defendants, refused to accept the work, and was dissatisfied therewith ; and asked the court to rule, that if the jury were satisfied that the work was done according to the contract, and to the reasonable satisfaction of the president, the plaintiff would be entitled to recover. But the court ruled that unless the plaintiff showed that the work was satisfactory to or accepted by the president of the society he could not maintain the action. A verdict was rendered for the defendants, and the plaintiff alleged exceptions.

When the case came on for argument in this court, *B. F. Butler*, for the defendants, suggested that since the exceptions were entered here, and copies prepared for the full court, the bill of exceptions had been altered by the presiding judge of the court of common pleas, without the knowledge or consent of the defendants.

*P. Haggerty*, for the plaintiff.

BY THE COURT. The only case properly before us is that presented by the bill of exceptions certified to us from the court of common pleas. After the case has been entered in this court, the judge of that court has no power to amend the bill of exceptions. But upon a certificate from a justice of the court of common pleas, that there is an error in the bill of exceptions as allowed by him, this court have the power to, and, in a proper case, will postpone or continue the cause, to allow an alteration or amendment to be made, and a copy thereof certified to this court. This case may be postponed or continued, at the defendants' election, in order to give them an opportunity to be heard

before the court of common pleas upon the question of the pro posed amendment.

*Butler* elected to argue the exceptions as amended, being in the form in which they are stated above.

*Haggerty*, for the plaintiff, cited *Robinson* v. *Fiske*, 25 Maine, 401; *Littlefield* v. *Winslow*, 19 Maine, 394; *Sumner* v. *Williams*, 8 Mass. 174; *Raymond* v. *Bearnard*, 12 Johns. 274; *Pugh* v. *Leeds*, Cowp. 714; *Moore* v. *Magrath*, Cowp. 9.

MERRICK, J. The ruling of the presiding judge, to which exception was taken in this case, appears to us to have been perfectly correct. It was predicated upon the assumption that the parties had entered into a special contract with each other, by the terms of which the plaintiff was to be paid the sum of forty dollars for a bookcase of a particular description, if it should be made and finished to the satisfaction of the President of the Young Men's Society of St. Peter's Church. It is not denied that this ruling was pertinent and applicable to the questions which arose, the evidence which was produced, and the facts which were shown at the trial. The bookcase was never in fact delivered to the society, nor accepted or approved of by them or their president, or either of the defendants. No action therefore can be maintained by the plaintiff to recover either its value, or the compensation stipulated to be paid for its construction, without showing that the contract has, on his own part, been fully performed according to its terms and provisions. This is all that was required by the ruling of the court. The question of fact was distinctly submitted to the jury. It may be that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish materials for a compensation the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest. But of that he was the sole judge. Against the consequences resulting from his own bargain, the law can afford him no relief. Having voluntarily assumed the obligations and the risk of the contract, his legal rights are to be ascertained and determined solely according to its provisions.

*Exceptions overruled.*