WILLIAM J. BROWNELL

*v.*

ELISHA B. STEERE.

*Filed at Springfield April 5, 1889.*

1. PARTNERSHIP—*compensation to partner for services.* One partner can not charge the firm or his co-partner for his services in attending to the partnership business, unless there is a special agreement among the partners entitling him to do so.

2. SAME—*reimbursing partner for expenses in defending suit.* After the dissolution of a partnership a former clerk sued the firm for his services, and recovered judgment therefor. One of the partners defended the suit, and paid out certain moneys for costs and attorney's fees, which were not shown to be excessive or unnecessary: *Held,* that the amounts so paid were properly charged to the firm in stating the partnership account.

3. SAME—*sale of partnership stock to one of the partners—action of arbitrators.* On the dissolution of a firm an invoice of the stock on hand was taken, and it was agreed that arbitrators should offer the stock for sale to the two partners, and that the one bidding the larger amount should take the goods, and the price bid should be treated in the settlement of the partnership account the same as the goods, and the matter of the settlement was referred to the arbitrators. Their award was set aside: *Held,* on bill to adjust the partnership matters, that the setting aside of the award did not operate to vacate the sale, and that the purchaser was properly charged with the amount of his bid for the goods.

4. SAME—*interest—as between partners.* Interest is not allowable on the settlement of partnership accounts, where no unreasonable delay or improper use of the partnership funds is shown.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. JOHN E. POLLOCK, for the appellant:

There is no inflexible rule of law that one partner shall not recover for extraordinary services without an express agreement therefor. *Lewis* v. *Moffett,* 11 Ill. 399.

14—128 ILL.

An agreement to pay one partner for services may be implied from the circumstances of the case. *Bradford* v. *Kimberly,* 3 Johns. Ch. 451; *Emerson* v. *Durand,* 64 Wis. 118.; *Caldwell* v. *Lieber,* 7 Paige, 483; *Levi* v. *Kerrick,* 13 Iowa, 344; *Godfrey* v. *White,* 43 Mich. 171; *Cramer* v. *Bachman,* 68 Mo. 310; *Marsh's Appeal,* 69 Pa. St. 35; *Reynolds* v. *Mardis,* 17 Ala. 72; *Moritz* v. *Perbles,* 4 E. D. Smith, 135; Story on Partnership, (3d ed.) 293.

The award of the arbitrators having been set aside, the submission should also fall with it. Morse on Arbitration, 456; *Steere* v. *Brownell,* 113 Ill. 415; *Alfred* v. *Railroad Co.* 92 id. 609.

The decree improperly states the account between the parties.

Exceptions to the master's report wherein he allowed interest to Steere, were properly sustained. *Sammis* v. *Clark,* 13 Ill. 544; *Hitt* v. *Allen,* id. 592; *McCormick* v. *Elston,* 16 id. 204; *Aldrich* v. *Dunham,* id. 403; *Railroad Co.* v. *Cobb,* 72 id. 152; *Newland* v. *Shafer,* 38 id. 379; *Daniels* v. *Osborne,* 75 id. 615; *Jassoy* v. *Horn,* 64 id. 379; *Davis* v. *Kenaga,* 51 id. 170; *Chapman* v. *Burt,* 77 id. 337; *Devine* v. *Edwards,* 101 id. 138; *Beddell* v. *Janney,* 4 Gilm. 193.

Messrs. KERRICK, LUCAS & SPENCER, for the appellee:

In the absence of a special agreement to that effect, a partner can not have compensation for his services in and about the firm business. *Roach* v. *Perry,* 16 Ill. 37; *Thornton* v. *Thornton,* 1 Austr. 94; *Hanks* v. *Baber,* 53 Ill. 292; *Askew* v. *Springer,* 111 id. 663; *Kimball* v. *Lincoln,* 5 Bradw. 322; *Strattan* v. *Tabb,* 8 id. 227; *Fover* v. *Fover,* 29 Gratt. 134; *Randall* v. *Richardson,* 53 Miss. 176; *Brown's Appeal,* 89 Pa. St. 147; 2 Lindley on Partnership, 774; Bates on Partnership, sec. 770; Collyer on Partnership, sec. 183; Parsons on Partnership, 130; Strong on Partnership, 182.

Setting aside the award did not set aside the sale of the goods. The contract of sale was not affected thereby.

The court erred in refusing to charge the appellant with interest. Bates on Partnership, sec. 786.

An agreement for interest is implied from a usage crediting interest on the books before and after the time in question. *Miller* v. *Craig*, 6 Beav. 433; *Pratt* v. *Holton*, 11 La. Ann. 260.

Interest should always be charged against a partner who unnecessarily delays accounting, or who uses the partnership funds about his own business. *Derby* v. *Gage*, 38 Ill. 27; *Ligare* v. *Peacock*, 109 id. 94; *Stroughton* v. *Lynch*, 1 Johns. Ch. 467; *Johnston* v. *Hartshorne*, 52 N. Y. 177; *Broling* v. *Dobyns*, 5 Dana, 434; *Honore* v. *Comesnil*, 7 id. 199; *Taylor* v. *Young*, 2 Bush, 428; *Dunlap* v. *Watson*, 124 Mass. 305; *Crabtree* v. *Randall*, 133 id. 552; *Wells* v. *Babcock*, 56 Mich. 276; *Dimond* v. *Henderson*, 47 Wis. 172; Bates on Partnership, sec. 788; 2 Lindley on Partnership, 977.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This case is now before us for the second time. Our former decision of it is reported as *Steere* v. *Brownell*, 113 Ill. 415. The main facts are there stated and it is not necessary to repeat them here. After the reversal of the cause and its reinstatement in the Circuit Court, it was referred to a master to state an account between the partners. The hearing was had upon exceptions to the Master's report, all of which were overruled, except two, and a decree was rendered by the Circuit Court in favor of appellee Steere, who was complainant below, and against appellant, the defendant below. This decree has been affirmed by the Appellate Court, and is brought here by appeal from the latter court.

Appellant and appellee, during their partnership, under the firm name of W. J. Brownell & Co., from January, 1877, to January, 1882, had in their service a man by the name of John P. McLean. McLean was book-keeper, salesman, buyer and chief clerk in the store, which was a retail boot and shoe

store in Bloomington. Appellee furnished one half the capital, but he devoted but little time or attention to the business, leaving its management to appellant, who furnished the other half of the capital.

In stating the account, the Master charged McLean's salary for the five years to the firm, thus compelling each partner to pay half of it. Appellant claims that the whole of such salary should have been charged to appellee, and that he, appellant, should not have been required to pay any of it. This claim has its basis in the fact, that appellant managed the business, while appellee gave it but little attention, and the allowance of such claim would be tantamount to giving appellant extra compensation for his services in behalf of the firm. It is well settled, that one partner can not charge the firm, or his copartners, for his services in attending to the partnership business, unless there is a special agreement among the partners entitling him to do so. (*Roach* v. *Perry*, 16 Ill. 37; *Hanks* v. *Baber*, 53 id. 292; *Askew* v. *Springer*, 111 id. 662.) In the present case appellant sought to establish such an agreement by parol testimony. The lower courts found against him upon this point, and we are not prepared to say, that their finding is not sustained by the evidence.

In January, 1877, one Rugg was doing a boot and shoe business in Bloomington. He failed, and his stock, which was sold at sheriff's sale, was purchased by appellant and appellee, who stepped into Rugg's place and continued the business at the same stand. McLean had been clerk for Rugg and continued to act for the new firm. Appellant swears, that appellee said he would pay McLean the same wages which Rugg had been paying him. One Richardson swears, that he heard appellee say, that McLean represented his, appellee's, interest in the firm. M. D. Sliter also testifies, that he heard McLean say, that the latter was representing Steere's interest. On the other hand, appellee swears positively that he made no agreement to pay McLean's salary. McLean also testifies that he

knew of no such agreement, and that he was never told by either Brownell or Steere, that the latter was to pay his salary. During the five years of the existence of the firm, McLean paid himself monthly out of the monies of the partnership without objection or complaint by appellant. Many other circumstances, disclosed by the record, tend to show that McLean was always regarded as the employee of the firm, and not exclusively of Steere, until a few days before the dissolution in 1882 when appellant charged the account to appellee.

Appellant further complains that, in the accounting, the Master charged him with the price he paid for the stock at the sale of it, and not with the actual value of the stock, which is claimed to have been only from 65 to 75 cents upon the dollar of the invoice price. By reference to *Steere* v. *Brownell*, *supra*, it will be seen that, by the agreement, dated January 3, 1882, the firm was dissolved, the store was to be closed, an invoice was to be taken of the stock on hand, and the three arbitrators were to "immediately offer such stock for sale to the said Steere and Brownell and  *  *  *  sell it to the one, who shall offer the largest per cent on the said invoice price; and upon the payment to such arbitrators of one half of such bid, said arbitrators shall deliver the stock to such purchaser," etc. The invoice was made and the goods were offered for sale. Each party bid. Appellee's last bid was $1.03; appellant bid $1.04; the stock was sold to him, and he took possession. It is said, that, inasmuch as the award has been set aside, the part of the agreement, thus providing for a sale, was also set aside, and, consequently, that appellant should not be charged upon the basis of his bid, that is to say, $1.04, but upon the basis of the actual value of the stock as above stated.

The setting aside of the award did not set aside the sale. The sale was no part of the award; it was to be made before the arbitrators proceeded to a hearing. Appellee, having bought the stock, could dispose of it, before the arbitrators

rendered their decision. The price, at which the property was sold, was to be treated, in making the award, as the stock would have been treated if there had been no sale. We do not think that the accounting was erroneous in the respect here indicated.

After the dissolution McLean sued the firm for the balance due him on his salary and recovered judgment. Appellant defended the suit, and paid out certain monies for costs and attorneys' fees. These amounts were charged to the firm, and, we think, such charge was proper. They were expended for the benefit of the firm, and are not shown to have been excessive or unnecessary.

The Circuit Court disallowed a charge against appellant for interest, and appellee assigns such disallowance as cross-error. We do not think there has been any such delay in accounting, or any such improper use of partnership funds as to entitle the appellee to charge appellant with interest.

Several other minor points are urged upon our attention, but after a careful consideration of the whole record, we think justice is done by the decree of the court below.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*