## JEHU H. RANDOLPH
### *v.*
## DREW INMAN.

*Opinion filed April 21, 1898.*

1. PARTNERSHIP—*there should be complete adjustment of partnership affairs on bill for accounting.*   On bill for an accounting of partnership affairs there should be a complete adjustment of partnership accounts and a disposition of all partnership property, leaving nothing for subsequent settlement.

2. SAME—*when partner should not be charged with excess of property taken on dissolution.*   Where, on dissolution, one partner takes more than his share of the property under an agreement that he pay a certain partnership debt in consideration therefor, upon payment of the debt as agreed the excess property is paid for, and he is not chargeable therewith on bill for an accounting.

3. SAME—*partner winding up affairs is not liable for interest, in absence of fraud or unreasonable delay.*   A partner having the property in his hands to wind up the partnership affairs is not liable for interest, on bill for an accounting, where there has been no mismanagement of the partnership assets and the delay in settlement is chargeable as much to the complainant as the defendant.

4. COSTS—*court may apportion costs in bill for accounting.*   On bill for an accounting of partnership affairs the trial court may apportion the costs, and its action in that regard will not be reviewed on appeal, in the absence of abuse.

*Randolph* v. *Inman*, 71 Ill. App. 176, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of DeWitt county; the Hon. CYRUS EPLER, Judge, presiding.

MOORE, WARNER & LEMON, for appellant.

GEORGE K. INGHAM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the hearing of appellant's bill for an accounting of the partnership affairs of Inman & Randolph with his former partner, appellee, the court sustained certain ex-

ceptions of each party to the report of the master and overruled others, and found to be due appellant $3112.85. A decree was entered for that amount and requiring each party to pay one-half the costs. Appellant sued out a writ of error from the Appellate Court for the Third District, and the decree was affirmed in that court. From the judgment of affirmance he has prosecuted this appeal.

The master found and reported that there was due the complainant $5580.05, and the court reduced that amount to the balance stated, in part, by allowing an exception of the defendant and subtracting from the invoice $3824.68,—the amount of goods which C. C. Randolph took from the stock on the order of complainant. It is conceded as to $3000 the deduction is correct, and that the master committed an error in not charging that amount to complainant as taken by C. C. Randolph on his order. As to the $824.68 worth of goods, it was proved that C. C. Randolph took them under an agreement that the complainant should assume and pay a debt of $904.30 owing by the firm of Inman & Randolph to John Warner & Co., bankers, which he paid. The defendant himself testified that C. C. Randolph took $824.68 in goods more than one-half, and that this difference was made up to him by complainant assuming the debt of $904.30 as payment for the stock. If there had been no agreement, complainant would be chargeable with the $824.68 and should be credited with the $904.30, the bank debt, which he paid. But that was not done, nor was the agreement carried out in the statement of the account. Complainant had paid for the goods under the arrangement, and it was wrong to charge him with the $824.68.

It was shown that there were fixtures of the firm, originally of the value of $602.98, which were in the possession of defendant and stored by him, and the decree made no disposition of that property. The present value of the fixtures was not shown, but whatever it may be, there should be a complete adjustment of all the part-

nership accounts and a disposition of all its property in this suit, leaving nothing for subsequent settlement. There should be a sale of said property and a division of the proceeds.

It is claimed that the court erred in not charging the defendant with interest from the dissolution of the partnership, or at least from the time of the filing of the bill.   A partner is not liable for interest merely because the property is in his hands for the purpose of winding up the affairs of the partnership, and whether he may be liable depends on the circumstances of each case.  He may become liable by improperly using or neglecting to account for assets of the partnership; but in this case there was no improper use, and the delay in settlement was chargeable as much to complainant as defendant. When the bill was filed its charges were unreasonable, and in large part were not sustained on the hearing. Under such circumstances the defendant should not be charged with interest.   *Brownell* v. *Steere*, 128 Ill. 209.

Of the same character is a claim that complainant should have been given a share of the profits represented by his capital in defendant's hands after the dissolution of the partnership, March 4, 1879.  We do not think that defendant was guilty of wrong for which he should be charged with a share of the profits.

There is an objection because the court required complainant to pay half the costs.   This disposition as to costs was within the discretion of the court, and, in our opinion, the discretion was not abused.

The judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause will be remanded to the circuit court, with directions to make the correction above indicated of $824.68 in the deduction for goods taken from the invoice, and order the personal property of the partnership remaining on hand sold and the proceeds divided.         *Reversed and remanded.*