(*Superior Court of Cook County. In Chancery.*)

## Marette H. Curtis

### vs.

## Eugene P. Palmer.

(1903.)

1. PARTNERSHIP—COMPENSATION OF PARTNERS. Each partner is under obligation to devote his skill and effort to the promotion of the business of the firm. In the absence of special agreement, one partner is not entitled to any special compensation for services in prosecuting the partnership business, even though such partner has greater industry or ability than his co-partners.

2. SAME—SURVIVING PARTNERS. The same rule applies as to the services of a surviving partner as between him and the representatives of a deceased partner.

3. SAME—EXTRAORDINARY SERVICES. Where a surviving partner renders unusual or extraordinary services in preserving the partnership estate, or where the surviving partner devotes his whole time to the business and carries it on successfully, he is entitled to charge a reasonable sum for his services.

Bill for partition and accounting. Heard before Judge Jesse Holdom on exceptions of defendant to master's report.

For statement of facts see opinion.

*John S. Stevens,* for complainant.

*McCordic & Sheriff,* for defendant.

HOLDOM, J. :—

This cause is before the court on the exceptions of defendant to the master's report, embracing but one contention—that of compensation to defendant for collecting the rents of the property in question at the rate of five per cent on the amount of such collections.

In the year 1882 one Hotchkin and the defendant, Palmer, were partners, carrying on the business of dealers in cloaks, etc., and from the partnership moneys bought a leasehold estate for twenty years in the premises number 147 State street in the city of Chicago. In the year 1890 the partnership was dissolved and in 1896 Hotchkin died.

Palmer during the administration of Hotchkin's estate, paid one-half of the income to his administrator but did not inventory the same as partnership property. After the settlement of the estate of Hotchkin, Palmer continued to collect the rents, and disputes having arisen between himself and complainant, who, as an heir, acquired one-third of the interest of Hotchkin, she filed the bill herein for partition of the leasehold estate and for an accounting from Palmer. Since the filing of the bill the leasehold estate has ended by expiration of the term of the demise. The only matter now remaining for adjudication is the accounting, and the master has found that $2,166.56 is due complainant, which sum has by order of court been paid into the hands of the clerk of the court awaiting the determination of the court as to whom the same shall be paid. Palmer claims out of the fund the sum of $1,064.36.

The leasehold estate was a chattel real. After the dissolution of the firm of Hotchkin & Palmer they were tenants in common. They had, long prior to Hotchkin's death, ceased doing business, and the partnership had been formally dissolved. But treating the leasehold estate as partnership assets, upon the settlement of Hotchkin's estate his heirs and Palmer became tenants in common—although whichever contention is technically correct, the rights and duties of the parties are the same.

It is admitted that to the end of the administration of Hotchkin's estate Palmer kept charge and control of the leasehold premises, collected the income and paid the lawful charges in its maintenance, all without compensation or the making of any claim therefor. It is urged that Palmer rendered valuable service to the Hotchkin heirs, because, forsooth, he did not, as he might, sell the leasehold during the period of administration, which being a time of financial depression, the heirs would have been deprived of a large amount of money, as no adequate price could then have been obtained for it. Granted. What would be the result to Palmer? He must sell the whole, his own interest included, and he could not purchase at his own sale. He would suffer equally in such

a sacrifice. It was for their joint interest to obtain the best financial results from the property. A loss meant a loss to each and all alike, and a profit an equal benefit. There is no pretense of any express agreement to compensate Palmer for his services by any of the parties in interest as heirs of Hotchkin. A new tenant was procured after Hotchkin's death and a real estate brokerage firm paid a commission of $500, which was borne equally by Palmer and the Hotchkin heirs. It is said that Palmer by his efforts saved the expense of attaching new fire escapes to the building; that he had the water taxes rebated; that he kept down the real estate tax upon the fee, etc.; and while undoubtedly all of this may be true, yet there was no more skill or labor required in working for the financial gain of his old partner's heirs than for his own.

This is not a case of unusual or extraordinary service rendered by a surviving partner to preserve the partnership estate or in carrying on a business successfully where the surviving partner devotes his whole time to it. In such a case compensation should be paid to such surviving partner and in the stating of the account he should be permitted to charge a reasonable sum for his services, as part of and a just expense for such extraordinary service. Such is the condition found in *Maynard v. Richards*, 166 Ill. 466. The service rendered by Palmer was the ordinary service in caring for the leasehold property in which he had a one-half interest until it determined by efflux of time. He took the burden upon himself voluntarily; he asked no heir's co-operation, neither did he request the assistance of the administrator of Hotchkin's estate during its administration. Upon the death of his partner he had the largest individual interest to protect, and it was only natural that, being familiar with the management and knowing its needs, and being personally acquainted with all the tenants, that he should continue in its charge and care.

In *Maynard v. Richards, supra*, Richards virtually created the fund in controversy, upward of $100,000, by his work, energy and ability, extending over a period of six years, and it was out of the fund thus created by his own independent exertion, and after defeat in the lifetime of his partner, that

he was awarded compensation for such extraordinary and successful service.

In *Zell's Appeal*, 126 Pa. St. 329, Zill, thirteen years after his partner's death, discovered an old partnership claim which the court said "was not merely doubtful, but had no real foundation in either law or equity." Zill prosecuted the claim with energy for four years and succeeded in settling it for $50,000, and for such remarkable energy and extraordinary service he was, as he ought to have been, allowed compensation in an accounting with the heirs of his deceased partner.

The foregoing cases exemplify what the law regards as extraordinary service entitling the surviving partner to an allowance therefor out of the fund recovered.

The services of Palmer in no sense come within the exception to the general rule which inhibits a partner "charging the firm or his copartners for his services in attending to the copartnership business unless there is a special agreement among the partners entitling him to do so. In the absence of such an agreement the law will not imply one from the greater industry or greater ability of any one partner. *Brownell v. Steere,* 128 Ill. 209. The reason of the rule. is that each partner is under obligations to devote his skill and efforts to the promotion of the common benefit of the firm. *Lewis v. Moffett,* 11 Ill. 392. The same rule applies as to the services of a surviving partner as between himself and the representative of a deceased partner. *Maynard v. Richards, supra.*

Counsel for defendant, Palmer, contend that the leasehold estate was partnership property. Conceding such contention to be correct the foregoing authorities are in point and conclusive against Palmer's claim.

The exceptions of Palmer to the master's report will be and are overruled, and a decree will be entered directing the clerk of this court to pay the sum of $2,166.36 heretofore deposited with him by order of court to complainant or her solicitor upon demand.