JOHN A. CASEY, EXECUTOR, (ESTATE OF EDWARD CASEY) *vs.* ROBERT M. HURLEY.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS and PEASLEY, Js.

Argued November 6th, 1930—decided January 13th, 1931.

*John J. Cullinan,* for the appellant (defendant).

*Albert J. Merritt,* with whom was *William H. Comley,* for the appellee (plaintiff).

BANKS, J.   Edward Casey, the plaintiff's decedent, and the defendant were partners in business as contractors and masons for forty years.   On February 29th, 1924, they had an adjustment and settlement of their partnership accounts up to that date, and executed an agreement which, after reciting that they had been partners in business for a long period of years and desired, in the event of the death of either or both of them, to prevent any controversies between their heirs regarding property rights in the partnership business, contained the following provisions:

"That in the event of the death of either of said parties, the remaining partner shall, for said partnership, complete and finish any contract or business undertaking under operation or in the course of completion at the time of such death and shall have the sole discretion in the completion of any contract or business undertaking that may be under operation or in the course of completion at the time of such death and that the surviving party shall have the right to use his own judgment as to the manner and method of completing such work or contract and shall have sole discretion as to the sale of the assets of said partnership and that the heirs or representatives of the deceased partner shall have no right to in any way

interfere with the judgment or discretion of the surviving partner in closing out the affairs of said partnership and have no further right therein, except to accept and receive from the surviving partner such portion of the assets of said partnership or proceeds thereof as said estate may be entitled to in the judgment of said surviving partner."

Casey died September 23d, 1927. Hurley continued to conduct the partnership business as surviving partner, and the plaintiff made demand upon him for an accounting of the partnership business and assets. Hurley refused to render such an accounting but gave the plaintiff two papers, one containing certain figures and the other consisting of an unsigned agreement for a mutual release. The finding is corrected by adding thereto the summary of the contents of these papers contained in the defendant's motion to correct. The papers contained a statement of assets and liabilities of the partnership showing a total of assets, less accounts payable and an amount reserved for pending litigation, of $47,865.84, together with an agreement to pay the plaintiff one half of any amount saved out of the items reserved for the payment of bills and for pending litigation and of the amount realized on an account receivable. At the same time the defendant tendered the plaintiff the sum of $23,932.92, being one half of the net assets according to the statement submitted, in full discharge of the plaintiff's interest in the partnership assets and of the defendant's obligation to account. The plaintiff refused to accept the tender and brought this action for an accounting.

In the absence of an agreement otherwise the death of a partner dissolves the partnership, and the legal ownership and right of control of the partnership assets vests in the surviving partner, which he holds however as a quasi-trustee for the estate of the de-

ceased partner. It is his duty to liquidate the affairs of the partnership and account to the representative of the deceased partner, and pay over to him the estate's share of the net partnership assets. The trial court held that the agreement entered into by the two partners as to the disposition of the partnership assets in the event of the death of either of them did not relieve the surviving partner from the obligation to account to the estate of the deceased partner. The correctness of this decision is the sole question upon this appeal.

The plaintiff in his brief assumes that the defendant's case is based upon a construction of this agreement to the effect that it constituted a gift by the deceased partner to the survivor of his interest in the partnership property, or of so much as the latter should decide to take, and claims that the instrument does not disclose any purpose on the part of either party to make a gift to the other, and that, if it could be so construed, it is of a testamentary character and unenforceable. It is unnecessary to consider the latter claim since the agreement does not effect a gift by one partner of his interest in firm assets or any portion thereof to the other partner, nor disclose an intention to create such a result. Nor is this the claim of the defendant who states in his brief that the contract contemplated that the survivor should turn over to the personal representative of the deceased partner the actual interest of the latter in the partnership property. It is his claim that that is precisely what he has offered to do. The amended answer alleges that the defendant has closed out the affairs of the partnership and tendered to the plaintiff one half of the net assets, and the amount which the court has found was tendered is one half of the net assets as they appear upon the statement given to the plaintiff at the time the

tender was made. What the parties desired to accomplish by the execution of this agreement is obvious. They had been associated together in this business for forty years. During that period each had drawn against the partnership funds on his own check book checks for partnership obligations and also personal obligations. The long association and the manner in which the business was conducted help to explain the mutual confidence and trust which is indicated by the terms of the agreement. They desired, and provided in the agreement, that, in the event of the death of one of them, the survivor should have sole control of the completion of any pending contracts and the liquidation of the affairs of the partnership, and that upon such liquidation the estate of the deceased partner should receive "such portion of the assets of said partnership or proceeds thereof as said estate may be entitled to in the judgment of said surviving partner." It is clear that the intention of the parties was that the estate of the deceased partner should receive what he was rightly entitled to, to wit: one half of the net estate, but that the calculation and ascertainment of that amount from the books and accounts of the partnership was to be made by the surviving partner, each partner apparently trusting that the other, if he survived him, would fairly and honestly make the division so that his estate would get what it was legally entitled to receive. The intention of the parties that the partnership assets should be equally divided, and their desire to avoid litigation or controversy in the liquidation of the partnership assets, is shown also in the last paragraph of the agreement which provides that, in the event of the death of both partners while any contract is in course of completion, the representatives or heirs of each shall have the right to select a competent person to complete the contracts, settle the

affairs of the partnership, and divide the assets. In the case of the death of one partner, the same equal division of the assets is contemplated, but the division in that case is to be made by the surviving partner. If, as contended by the plaintiff, the contract is not to be construed as relieving the surviving partner of the obligation to render a detailed accounting to the estate of the deceased partner of all the partnership transactions, it does not change in any respect the rights and duties of the surviving partner, and is a useless formality. The contract on the contrary discloses an intention to require of the surviving partner only that he shall exercise his judgment in liquidating the assets and making a fair and equal division of the proceeds. It must of course be an honest exercise of judgment. The finding shows that the defendant has exercised his judgment in liquidating the assets of the partnership and has tendered to the plaintiff the portion of the proceeds to which the latter, in the judgment of the defendant, is entitled, and the record does not disclose any claim of bad faith or fraud on the part of the defendant in the making up of the statement of assets and liabilities and determining the amount due to plaintiff upon the liquidation of the partnership assets. While more precise and definite language might have been used to express the intent of the parties, that intent, it seems to us, is unmistakable, and we are unable to perceive any ground upon which it could be held that the contract is not a valid and enforceable one. An agreement between partners that upon the death of one the survivor shall be entitled to take the interest of the other in the partnership assets at a price named in the agreement, or to be determined thereafter by some method specified therein, rests upon the consideration of the mutual promises of the partners, is enforceable, and relieves the surviving

partner of the obligation to account. *Murphy* v. *Murphy*, 217 Mass. 233, 104 N. E. 466; *Kaufmann* v. *Kaufmann*, 222 Pa. St. 58, 70 Atl. 956; *Warrin* v. *Warrin*, 169 N. Y. App. Div. 97; *In re Orvis*, 223 N. Y. 1, 119 N. E. 88; and see note in L. R. A. 1918B, p. 907. For the same reasons partners may during their lifetime make an enforceable agreement as to the way in which the value of the interest of a deceased partner in the partnership assets is to be determined after his death. *Robertson* v. *Miller*, 20 Fed. Cas. 946; *Rankin* v. *Newman*, 114 Cal. 635, 46 Pac. 742; *Sands* v. *Miner*, 44 N. Y. Supp. 894. The fact that the method of ascertaining from the books and accounts of the partnership the amount to which the estate of the deceased partner is entitled by law is left by the agreement solely to the judgment and discretion of the survivor does not subject the agreement to attack as being an improvident one, or one tending to induce fraud or breach of trust on the part of a person standing in a fiduciary or confidential relation. The situation is analogous to those cases where a promisor agrees to perform services to the satisfaction of the promisee, such contract being upheld as valid but requiring the exercise of an honest judgment by the promisee. *Hawken* v. *Daley*, 85 Conn. 16, 21, 81 Atl. 1053; *McCarren* v. *McNulty*, 73 Mass. (7 Gray) 139, 141; *Keachie* v. *Starkweathers Drainage District*, 168 Wis. 298, 304, 170 N. W. 236.

The only relief sought in this action is an accounting by the defendant as surviving partner. To that the plaintiff is not entitled. That conclusion does not of course affect the right of the plaintiff to a settlement of the partnership affairs within a reasonable time after the death of his decedent in accordance with the provisions of the agreement made during the lifetime of both partners.

There is error, the judgment is set aside and the cause remanded with direction to the Superior Court to enter judgment for the defendant.

In this opinion the other judges concurred.