JOHN A. CASEY, EXECUTOR (ESTATE OF EDWARD CASEY) *vs.* SABINA HURLEY, EXECUTRIX (ESTATE OF ROBERT E. HURLEY).

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued May 10th—decided July 19th, 1932

*Albert J. Merritt,* for the appellant (plaintiff).

*John J. Cullinan,* for the appellee (defendant).

MALTBIE, C. J.   For a number of years prior to September 23d, 1927, Edward Casey and Robert E. Hurley had been partners under the name of Casey & Hurley, engaged in business as contractors and masons.   The partnership articles provided that each partner should receive one half of the net profits and upon the dissolution or termination of the partnership each should receive one half of the net assets and that the heirs or representatives of either of the parties who should die should have no right to interfere in any way with the judgment or discretion of the surviving partner in closing out the affairs of the partnership, and have no further right therein, except to receive from him such portion of the assets of the partnership or proceeds thereof as the estate of the partner dying might be entitled to in the judgment of the surviving partner.   Edward Casey died September 23d, 1927.   Within a reasonable time thereafter the surviving partner, Hurley, settled the partnership affairs in accordance with the provisions of the agreement.   He then computed and ascertained the value of the partnership accounts and tendered the plaintiff the sum of $23,-932.92, as one half of the net assets, in accordance with a statement submitted therewith. The plaintiff refused to accept the tender and brought an action for an accounting.   We upheld the validity of the contract of

partnership and decided that it relieved the surviving partner of the obligation to render an accounting. *Casey* v. *Hurley,* 112 Conn. 536, 152 Atl. 892. We also decided that the contract required of the surviving partner only that he exercise his honest judgment in liquidating the assets and making a fair and equal division of the proceeds and that one of the reasons of the agreement was to avoid litigation. Hurley died during the progress of the action brought by the plaintiff and promptly upon the decision by this court his executrix sent a check to the plaintiff for the full amount shown to be due in the statement which had been submitted to Casey's representative, with an accumulation of interest and adjustments, but with a deduction of $1664.74, one half of the reasonable expenses of the litigation. This action is brought to recover the sum so deducted. No question was raised as to the correctness of the principal sum stated to be due, nor as to the reasonableness of the amount deducted. The sole question in the case is the right of the defendant to deduct one half of the expenses of the previous litigation.

On the death of Casey the assets of the partnership vested in Hurley as quasi-trustee for the representatives of Casey's estate, with the duty resting upon him to settle the affairs of the partnership and pay to those representatives the amount due under the terms of the partnership articles. *Casey* v. *Hurley, supra,* p. 538; *Tillotson* v. *Tillotson,* 34 Conn. 335, 358. In determining the amount due them, Hurley was entitled to credit any expenses reasonably incurred in settling the affairs of the partnership, including expenses of litigation. *Brownell* v. *Steere,* 128 Ill. 209, 21 N. E. 3; *Leserman* v. *Bernheimer,* 113 N. Y. 39, 20 N. E. 869; *Tyng* v. *Thayer,* 90 Mass. (8 Allen) 391; 47 C. J. 1178. The expenses incurred in defending the action brought

by the plaintiff against Hurley for an accounting fall properly within this rule. *Scudder* v. *Ames,* 142 Mo. 187, 43 S. W. 659.

There is no error.

In this opinion the other judges concurred.