## TIMOTHY GILBERT *vs.* JAMES WALKER ET AL.

Third Judicial District, Bridgeport, April Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Where the reasons of appeal are confined wholly to questions of law, this court will not consider questions of fact claimed to have been erroneously decided by the trial court, although the record lays a basis for an appeal upon those questions; but will take the facts as found by the court below.

Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights.

An action against the defendants for the conversion of a promissory note sent them for collection by the plaintiff is not sustainable, when it appears from the conceded facts that the plaintiff authorized the defendants, who were brokers in this State and engaged in selling mortgage loans for a western investment company, to forward the note for collection to such investment company where it was payable, which was done, and such investment company collected the amount of the note of the maker, and duly notified the defendants of such collection, but neglected to remit the proceeds to the defendants, and, while retaining the same, became insolvent.

The defendants did not inform the plaintiff that the note had been collected of the maker, although he several times inquired of them about the note; but stated that they had not received the money although they expected it soon. *Held,* that whatever effect this conduct of the defendants might have in an action for negligence in respect to the collection of the note, it did not constitute a conversion of the note by the defendants.

A new trial will not be granted for the admission of improper evidence where, upon the facts admitted by the losing party, it appears that one, if granted, would be of no avail to change the result.

[Argued April 24th—decided June 29th, 1894.]

ACTION to recover damages for the alleged conversion of a promissory note sent the defendants for collection; brought to the Superior Court in New Haven County and tried to the court, *F. B. Hall, J.*; facts found and judgment rendered for the defendants, from which the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William B. Stoddard*, for the appellant (plaintiff).

*Henry C. White* and *Leonard M. Daggett*, for the appellees (defendants).

TORRANCE, J. The complaint in this case is for the conversion of a certain promissory note belonging to the plaintiff, and it contains but a single count. The answer admits the ownership and delivery of the note, and the demand as alleged, but denies the conversion. It also sets out in detail certain facts, the substance of which is that the defendants with the plaintiff's consent received the note to forward for the plaintiff to a western company for collection; that they had done so and the note had been paid to said western company; that said western company had never paid over to the defendants the proceeds of said note, but that it, shortly after such payment and while said proceeds were in its hands, became insolvent, and had been put into and was still in the hands of a receiver for the benefit of its creditors; that in so receiving and forwarding said note for collection, the defendants acted as the agents of the plaintiff, with his knowledge and consent; and that they had notified the plaintiff of the facts alleged. The parties were at issue upon all or nearly all of the special facts so set up.

The court below made a finding of facts, and upon them rendered judgment for the defendants.

The basis for an appeal upon certain claimed errors in the finding of facts appears upon the record, but no appeal was taken on this ground, and the reasons of appeal are based wholly upon certain claimed errors of law. For this reason

we must decline to consider any errors save those specifically assigned in the reasons of appeal, and must take the facts as they are found by the court below. *Rowell* v. *Stamford Street Railroad Company*, 64 Conn., 376.

The material part of the facts found may be stated as follows: The note in question was for one thousand dollars, dated December 11th, 1885, payable to the order of one Toncray, five years after date, at the Farmers and Merchants Bank of Freemont, Nebraska, and was made by one Stenvers. It was given for money loaned by said bank to Stenvers, the payee Toncray being an officer of the bank, and was secured by a mortgage to Toncray upon land in Nebraska. After it was given, and some time prior to 1890, the officers of said bank organized the Nebraska Mortgage and Investment Company to carry on the mortgage loan business of the bank, and this investment company succeeded the bank in the loan business, and Toncray became an officer and the manager of said investment company.

The defendants are brokers in New Haven and have been engaged in selling loans for said bank and said investment company and other western companies and agencies, receiving a commission from such companies for such sales. The note in question, with the mortgage securing the same, was sold to the plaintiff in December, 1885, by Alfred Walker, who was then engaged in the business since carried on by the defendants, and whom they succeeded in business. Said note and mortgage had been sent by the bank to Alfred Walker to be sold. The note was indorsed by Toncray without recourse, but the mortgage was never assigned by Toncray. ·The note remained the property of the plaintiff till it was paid, December, 1890, and during this time the interest upon it was paid by Stenvers to the investment company, who forwarded the same to the defendants, and the defendants by their own check paid it to the plaintiff. In December, 1890, the defendants were informed by the investment company that Stenvers desired to pay the note, and requested them to forward the papers to it to the end that payment might be made. Thereupon in that month,

at the defendant's request, the plaintiff sent the note and mortgage to them for collection and received from them the following receipt : " $1,000.00. New Haven, Dec. 12, 1890. Received for collection the farm mortgage of John Stenvers of Dodge Co. Neb. 7½ per cent. amount one thousand dollars, date Dec. 11, '85 due Dec. 1, '90, with all papers pertaining thereto, the same being the property of Timothy Gilbert. The Alfred Walker Co." The defendants forwarded the papers as requested to the investment company, and on the 28th of January, 1891, were informed by letter from said company that Stenvers had paid the note to it on the 27th of December, 1890. The investment company never forwarded any of the money so collected to the defendants, nor have the defendants in any manner received any benefit from the payment of said note. In December, 1891, the investment company became insolvent and its property and affairs were placed in the hands of a receiver. Between December first, 1890, and December, 1891, the plaintiff called two or three times upon the defendants and inquired about the note ; and the defendants informed him each time that they had not received the money but that they expected it soon. It was not proved that the defendants between December, 1890, and December, 1891, took any other steps toward collecting the note, than the forwarding of it as aforesaid, nor that they informed the plaintiff of their knowledge that it had been paid.

At the time the note was paid to the investment company, the defendants had in their hands for sale notes and mortgages belonging to the investment company to the amount of about ten thousand dollars, which upon the books of the investment company were charged to the defendants ; and the investment company upon receiving payment from Stenvers credited the defendants with the amount paid. The defendants, however, fully accounted to the investment company for all of said loans, and they had no knowledge that the investment company had charged them with the amount of said loans or had credited them with the amount of said payment. The investment company had no authority to do

either, and it knew the note and its proceeds belonged to the plaintiff and not to the defendants. In his dealings with Alfred Walker and the defendants respecting the note and mortgage, the plaintiff understood that Walker and defendants were acting as the agents of some other company or agency, and understood that the defendants were not themselves to collect the note from the maker, but that they were to forward the same to others for collection at the place where the note was payable, and that the defendants would pay to the plaintiff the amount due on said note when the same should be remitted to them from the investment company.

Upon these facts the plaintiff claimed that the defendants had converted the note to their own use as alleged, and whether the court below erred in overruling this claim is the principal question upon the present appeal.

As already stated the only wrong alleged, and the only matter in issue, was the conversion of the note.

The plaintiff does not sue for the proceeds of the note, nor for any claimed negligent or wrongful conduct of the defendants in respect to the collection of the note, or its proceeds; but for the loss and conversion of the instrument itself, the paper upon which Stenvers' promise was written. To that specific wrong and to that alone, he has himself limited his proof, and for that and for that alone he has limited his right of recovery. *Ives* v. *Goshen*, 63 Conn., 79 ; *Sanford* v. *Peck*, id., 486. Unless then the facts found show a conversion of the note, the plaintiff cannot recover in this suit.

Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. *Laverty* v. *Snethen*, 68 N. Y., 522. It is some unauthorized act which deprives another of his property permanently or for an indefinite time ; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsist-

ent with his right of dominion and to his harm.    Pollock's Law of Torts, p. 290.

In the light of these principles, it is impossible to say that the conduct of the defendants amounted to a conversion of the note in question.    The note was payable at the bank in Nebraska, and the payee of the note was the owner of record there of the mortgage made to secure it.

Even if the defendants had agreed, as the plaintiff claims, to personally collect the note, they were at liberty to do it through the investment company if they chose to take the risk of so doing.    This certainly authorized them to forward the note in the manner they did, and authorized the bank to receive payment of the note.    The defendants promptly forwarded the note, and it was promptly paid.    As a note it then ceased to be the property of the plaintiff, and in place of it he became the owner of the amount paid.

It thus appears that every act done with respect to the note from the time it came into the defendants' hands until it was paid and delivered up and ceased to be the property of the plaintiff, was done by his authority and with his assent.    The defendants then did nothing with the note which they were not authorized by the plaintiff to do.    In *Palmer* v. *Jarmain*, 2 Mees. & W. 282, an agent was authorized to get a note discounted, which he did, and appropriated the avails.    It was held that this was not a conversion of the note, because he did nothing with that save what he was authorized to do.    The case at bar comes clearly within the principle here applied.

It may be, as claimed by the plaintiff upon argument before this court, that the defendants are or should be liable to him in some form of action, for their acts and conduct since the payment of the note and with reference to the money the proceeds of the note.    How this may be we have no means of knowing, as the matter is not before us in any manner; but whatever wrongs the defendants may have done to the plaintiff in the premises, it is quite clear that their acts and conduct do not constitute a conversion of the note.

There remains to be considered very briefly the matters

set forth in the last reason of appeal relating to the admission of testimony. The defendants for the purpose of showing that in their transactions respecting the note they were acting as the agents of the Nebraska bank and of the investment company, offered the testimony of one James Walker who had been a clerk in the office of Alfred Walker, deceased, and also certain letters from the investment company to the defendants, showing all the transactions between the defendants and said bank and said company with reference to the note in question, and showing the original sale of said note by Alfred Walker to the plaintiff. The plaintiff objected to this testimony on the sole ground that the receipt given by the defendants to the plaintiff and hereinbefore set forth, constituted a contract on the part of the defendants, with the plaintiff, to personally collect said note, and that the evidence in question contradicted the writing. The court overruled the objection. Looking at all the facts and circumstances under which the receipt was given, we are inclined to regard it as a mere receipt,—a mere admission of a previous fact or facts,—and not as containing any contract. The defendants were not attorneys at law engaged personally in the collection of claims of this kind; they were mere brokers acting as agents for others, and this was well known to the plaintiff. As such they had acted, to his knowledge, for the investment company, in the matter of the collection of interest on his note. When the note is about to become due they inform him that the investment company want the note and mortgage sent on for payment, and ask him to send the papers to them for the purpose of being forwarded to that company; he does as requested, and after this the receipt is made out and forwarded to him describing the papers received and stating in very general terms the purpose for which they had been received. Under the circumstances it is difficult to believe that either party supposed or intended the words "for collection" to be a contract on the part of the defendants to personally collect the note. In this view of the matter the court clearly did not err in admitting the testimony in question.

But we need not, and do not mean to decide whether or not the receipt has the effect claimed for it by the plaintiff; for even if it has, and if it be true, as claimed, that the court erred in admitting the evidence, still this cannot avail the plaintiff, because on the facts admitted, and found without reference to this evidence, its admission did him no harm, and a new trial in the present case would not change the result. The plaintiff admits that he authorized and directed the defendants to collect the note, and this empowered them to deliver it up on full payment. He admits in his reply that it has been paid in full, and his real claim is that the proceeds of it, in law and so far as he is concerned, were paid to the defendants. As we have already seen they thus did with the note just what the plaintiff claims he empowered them to do, namely, deliver it up on full payment. This being so he can never recover for the conversion of the note in this or any other suit. A new trial, if one should be granted for the claimed error in question, would therefore be of no avail, as upon the conceded facts the result would not be changed. " The court therefore will not grant a new trial of the case, which if granted must come to the same result as the former trial." *Scofield* v. *Lockwood,* 35 Conn., 425–429.

There is no error and a new trial is denied.

In this opinion the other judges concurred.