LENA PIETRANTONIO *vs.* VINCENZO SCALO, INDIVIDUALLY AND AS TRUSTEE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 3d—decided December 3d, 1935.

*David R. Lessler,* for the appellant (defendant).

*Sidney A. Johnson,* for the appellee (plaintiff).

AVERY, J. This action was brought by Lena Pietrantonio for the conversion of an automobile by the defendant, but the parties agreed that the cause of action

and their rights might be determined as if her husband, Vincent, was the plaintiff. The essential facts found by the court, with such corrections as the appellant is entitled to, may be briefly stated as follows: Early in August, 1933, the plaintiff applied to the defendant for a loan of $150. He was informed by the latter that no loan could be given unless the plaintiff procured a third person to whom he would sell his automobile by conditional sale, and the plaintiff would then assign the contract to the defendant, possession of the automobile to remain in the plaintiff. On August 31st, 1933, the plaintiff with Charles Jordano, a third party, appeared at the defendant's office for the purpose of completing the loan. The defendant prepared a conditional sales contract, of which there were three or four copies, and under his instructions the plaintiff signed the contract as seller. Jordano appeared as the buyer for the sum of $200, and under the instructions of the defendant signed his name to the contract whereby he assigned whatever interest he had thereunder to the defendant. At that time, it was agreed among the parties that possession of the automobile was to remain in the plaintiff. The conditional sales contract was properly signed, sealed, witnessed and acknowledged before a notary public by Jordano and the plaintiff and was duly filed by the defendant in the office of the town clerk of Bridgeport. After the execution of the contract, the original and whatever duplicates there were were turned over to the defendant. At the time the conditional sales contract was delivered to the defendant, he was also given a note or notes for $200 signed by Jordano and payable to the order of the plaintiff and duly indorsed by him to the defendant. The sole purpose of the execution of this contract and its delivery to the defendant was to furnish security for the repayment of

a loan made by the defendant. The plaintiff made two or three payments to the defendant under the contract, and thereafter failed to make further payments thereon. At no time did Jordano make any payments. After the plaintiff had defaulted in his payments, the car was left by him in a garage; the defendant was informed thereof and took possession, after which he spent a small sum for repairs and then sold it realizing, after the amount spent for repairs had been deducted, a sum less than the indebtedness owed to him by the plaintiff. The plaintiff then made demand for the return of the car and upon this demand being refused brought suit for its conversion.

The decision of the trial court in favor of the plaintiff was based upon the theory that the conditional sales contract amounted to nothing because there was no change of possession, and while purporting to be a sale was, in fact, part of a plan whereby the defendant was to procure and the plaintiff to give security for a loan and was illegal and invalid between the parties. In this, the court erred. As between the parties, the purpose of this transaction was clearly to give to the defendant a security for the money advanced. Although the transaction was intended to take the form of a conditional sales contract, it was in effect a mortgage. *Guilford-Chester Water Co.* v. *Guilford,* 107 Conn. 519, 528, 141 Atl. 880. Retention of possession of mortgaged personalty does not make a mortgage invalid as between the parties. "The doctrine of the effect of retention of possession by the vendor or mortgagor of personal property, never was applied, or intended to be applied, so as to render a sale or mortgage of personal property, otherwise valid, invalid between the parties. The doctrine is solely for the protection of attaching creditors and bona fide purchasers." *Hartford-Connecticut Trust Co.* v. *Puritan Laundry,*

*Inc.,* 95 Conn. 172, 180, 111 Atl. 149; *Terzano* v. *Clemente,* 117 Conn. 267, 270, 167 Atl. 825; *Armstrong* v. *Greenwich Motors Corporation,* 116 Conn. 487, 489, 165 Atl. 598.

The transaction, therefore, was valid as between the parties as a mortgage of the automobile; and the transfer and indorsement of the notes to the defendant operated to transfer the security which was the conditional sales contract. *Waterbury Trust Co.* v. *Weisman,* 94 Conn. 210, 217, 108 Atl. 550; *Jones* v. *Quinnipiack Bank,* 29 Conn. 25, 42; *Stearns* v. *Bates,* 46 Conn. 306, 312; *Smith* v. *Stevens,* 49 Conn. 181, 187. It was, therefore, of no consequence that the assignment of the conditional sales contract was signed by mistake by Jordano and not by the plaintiff. The conditional sales contract provided that in case of default in any of the payments provided for, the property might be repossessed with or without legal proceedings and sold; the amount received, less certain enumerated expenses, including those for repairs, to be applied upon the purchase price named in it. It follows that the defendant, as owner of the contract, default having been made in the payment of the instalments, was entitled to take possession of the automobile under the terms of the contract and dispose of it for the purpose of discharging the indebtedness; and that his act in so doing was not a conversion of the plaintiff's property.

There is error; the cause is remanded to the Court of Common Pleas for Fairfield County with direction to enter judgment for the defendant.

In this opinion the other judges concurred.