ADELINE FAGGELLE, ADMINISTRATRIX (ESTATE OF MICHELE MARENNA) *v.* PASQUALINA MARENNA ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 15—decided July 26, 1944.

· *William J. McKenna,* for the plaintiff.

*William L. Beers,* with whom was *George E. Beers,* for the defendant Leonard Marenna.

JENNINGS, J. Michele Marenna and Leonard Marenna, one of his sons, were partners in business for many years. In 1938 they entered into a written partnership agreement to run two years. When the two years were up, they orally agreed to continue business "just the same" and in fact did so. Michele died February 6, 1943. The written agreement referred to contained the following clause: "7. In the event of the death of either of the parties hereto, said partnership shall continue for the term of this agreement and the share of said deceased partner shall pass to his widow, subject to the same terms and conditions as herein contained." On February 11, 1943, Michele's widow, Pasqualina, conveyed the one-half interest in the partnership Michele had owned to Leonard for a very substantial consideration. Michele's administratrix,

Adeline Faggelle, a daughter, brings this suit for a declaratory judgment to determine the legal relations of the parties and the validity of this sale under the stipulated facts. Pasqualina was defaulted for non-appearance but Leonard, the only remaining defendant, appeared.

It is not unusual for partners to continue in business together after the expiration of the term of their written partnership agreement. *Sangston* v. *Hack,* 52 Md. 173, 189. If the business is thereafter carried on in the same way with no indication of change in control, methods or circumstances, the ordinary legal situation is that the partnership has become one at will but subject to the terms and conditions of the original agreement as far as they are applicable. Ibid.; *Normand* v. *Normand,* 90 N. H. 548, 551, 11 Atl. (2d) 816; *Bradley* v. *Chamberlin,* 16 Vt. 613, 615; *Mifflin* v. *Smith,* 17 S. & R. (Pa.) 165, 168; *Daub's Estate,* 313 Pa. 35, 37, 169 Atl. 379; *Metcalfe* v. *Bradshaw,* 145 Ill. 124, 136, 33 N. E. 1116; *Corr* v. *Hoffman,* 256 N. Y. 254, 258, 274, 176 N. E. 383; and see *Chipman* v. *National Savings Bank,* 128 Conn. 493, 498, 23 Atl. (2d) 922. On the death of Michele, Pasqualina was entitled to avail herself of that portion of clause 7 which provided that, in the event of the death of either partner, "the share of said deceased partner shall pass to his widow." She had the right to sell Michele's share in the partnership to Leonard. See *Normand* v. *Normand,* supra.

The plaintiff claims that, even if that is so, the quoted clause providing that the share of the deceased partner shall pass to his widow is ineffective as an attempted testamentary disposition not made in accordance with the Statute of Wills. In a similar situation it was said: "The partnership articles involved

in the present controversy were neither intended as a deed or a will. They constitute an executory agreement, which determines the rights of the parties inter se, and provides what disposition shall be made of the partnership property on the happening of a certain event." *McKinnon* v. *McKinnon,* 56 Fed. 409, 412, 5 C. C. A. 530. A will is ordinarily without valuable consideration and lacks the element of present-existing contractual rights. Here the consideration for the agreement was the mutual promises to perform, a valuable consideration. The agreement created in the wife of each partner a present interest which was vested in right, though it might be defeated should her husband be living at the termination of the partnership and though enjoyment of it would be postponed in any event until his death. Ibid.; *Hale* v. *Wilmarth,* 274 Mass. 186, 189, 174 N. E. 232, 73 A. L. R. 980, and note, p. 1000; and see *Bristol* v. *Warner,* 19 Conn. 7, 18; *Eisenlohr's Estate,* 258 Pa. 438, 441, 102 Atl. 117; *Autenreith* v. *Commissioner,* 115 Fed. (2d) 856, 858. In *Bowen* v. *Morgillo,* 127 Conn. 161, 14 Atl. (2d) 724, several different transfers were involved. One was held to be a transfer of a present interest and error was found in the conclusion of the trial court that it was testamentary in character and void. The conclusion of the trial court that the other transfers were testamentary in character because no present gifts were intended was sustained. This accords with the rule laid down in this case under the stipulated facts.

The Superior Court is advised that clause 7 was in effect at the time of the death of Michele and was not invalid as an attempted testamentary disposition and that the plaintiff as administratrix has no interest in the partnership property and is entitled to no account-

ing thereof. This is a sufficient answer to the questions propounded in the reservation.

No costs will be taxed to either party.

In this opinion the other judges concurred.