RICHARD A. BRUNEAU *v.* W. & W. TRANSPORTATION COMPANY, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided July 31, 1951

*Edward S. Snyder* and *Robert J. Woodruff*, for the appellant (plaintiff).

*Irving E. Stroh*, with whom, on the brief, was *T. Holmes Bracken*, for the appellee (named defendant).

*Joseph I. Sachs*, with whom, on the brief, was *Harry L. Edlin*, for the appellee (defendant General Industrial Bank).

BALDWIN, J. The plaintiff charged the defendants with a conspiracy to deprive him, by false and fraudulent promises and representations, of a truck and to break up his trucking business, and also with a conversion of the truck to their own use. After the plaintiff had rested his case, both defendants rested also and moved for a directed verdict. The court granted their motions. The plaintiff appeals from a denial of his motion to set the verdict aside. In argument and brief the plaintiff waived any claim based upon conspiracy and rested his case entirely upon a claim of conversion by fraud. The only question presented is whether the plaintiff offered sufficient evidence to go to the jury.

We view the plaintiff's evidence in the light most favorable to him. *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 491, 45 A. 2d 710. The jury could reasonably have found the following facts: In December, 1947, the plaintiff purchased from the named defendant, hereinafter referred to as the transportation company, a used tractor truck for the agreed sum of $3537.97. He paid $1000 in cash and executed a conditional sale contract. By it, the plaintiff accepted the truck in its then condition and promised to pay the balance of the purchase price in eighteen successive monthly instalments beginning January 31, 1948. The contract was elaborate with provisions for repossessing the truck in the event of any default upon the part of the plaintiff. Nothing was left to sentiment, nor was any concession made to leniency. On the day it was executed by the plaintiff and the transportation company, the contract and all the right, title and interest of the company in and to the truck were assigned to the defendant General Industrial Bank.

The plaintiff was engaged in the trucking business, hauling freight between Boston, New Haven and New York. The truck, however, was not in good mechanical condition and required extensive repairs, which the plaintiff made at his own expense. He paid the instalment due in January on time. The February instalment was paid several days late, but the defendant bank accepted it. The plaintiff was unable to make the March payment when due and so informed the defendant bank, which granted a reasonable extension of time. On or about April 10 the truck was attached in a suit brought by a tire company for a balance of $80 due on the price of a tire which the plaintiff had been obliged to purchase for the truck. The plaintiff reported the attachment to a representative of the defendant bank and stated that he was trying to secure a release of the

attachment and that he intended to sell the truck, whereupon the bank's representative said that he would give the plaintiff time to see what he could do. On the following day, while he was trying to arrange for a release of the attachment, the truck was repossessed. The plaintiff next saw it in the yard of the transportation company, which was using it. He called upon the president of the company to inquire about the truck and was told, "Don't bother me about it, the bank gave it to me." Thereafter, the plaintiff gave up the idea of getting the truck back and quit the trucking business. He did not have the money to release the attachment and was "disgusted with the whole thing." The repairs which the plaintiff made upon the truck increased its value $1000 or more.

The plaintiff claims that the defendants by fraudulent means converted the truck to their own use. The defendants argue that, no such claim having been made in the trial court, it cannot be entertained on appeal. The trial court's memorandum of decision upon the motion to set aside the verdict, however, indicates that at least upon the argument of that motion the plaintiff claimed conversion by fraud, and so we consider the claim.

"Fraud cannot be presumed but must be established by clear and satisfactory evidence." *Hathaway* v. *Bornmann*, 137 Conn. 322, 325, 77 A. 2d 91; *Basak* v. *Damutz*, 105 Conn. 378, 382, 135 A. 453. Conversion has been defined as "an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm." *Gilbert* v. *Walker*, 64 Conn. 390, 394, 30 A. 132. There may be a conversion by a

wrongful taking, by an illegal assumption of ownership, by an illegal user or misuse, or by any other form of possession wrongfully obtained. Furthermore, a wrongful detention, even though possession was rightfully obtained, may constitute conversion. *Coleman* v. *Francis,* 102 Conn. 612, 615, 129 A. 718. The contract specifically provided for repossession of the truck if the plaintiff was in default or the truck was attached and in danger of confiscation. The repossession of the truck pursuant to these provisions was a lawful taking. Since the contract further provided that, if the truck was repossessed under the above circumstances, the plaintiff would thereby lose and waive any interest in or right to it, there was no conversion by wrongful detention. If we accept the plaintiff's evidence on the claim of conversion in the light most favorable to him, it established no more than a case where the rights of the purchaser were terminated by the express terms of a very strict contract of conditional sale. *Pietrantonio* v. *Scalo,* 120 Conn. 524, 527, 181 A. 628.

The plaintiff's evidence fell short of establishing either fraud or conversion, and the refusal of the court to set the verdict aside was justified. *Burley* v. *Davis,* 132 Conn. 631, 634, 46 A. 2d 417.

There is no error.

In this opinion the other judges concurred.