**SELBY MFG. CO. v. GRANDAHL et al.**

No. 114, Docket 22509.

United States Court of Appeals
Second Circuit.

Argued Dec. 2, 1952.

Decided Dec. 31, 1952.

Joseph F. Berry, Hartford, Conn. (Day, Berry & Howard and C. Duane Blinn, all of Hartford, Conn., on the brief), for plaintiff-appellant.

Jacob Berman, Hartford, Conn., for defendants-appellees.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In this action plaintiff claimed $12,000 damages for the conversion of certain "equipment, tools, fixtures and dies" as listed in the complaint against defendants Grandahl, a partnership doing business as Grandahl Tool and Machine Company in Hartford, Connecticut. Defendants pleaded *res judicata,* and the district court granted them summary judgment on that ground. Plaintiff now appeals, asserting that the judgment in the earlier action was on "a different cause of action" and did not determine any of the facts essential to its claim for conversion.

The earlier action was instituted by the defendants here against the plaintiff in a Connecticut state court and sought damages for plaintiff's breach of contract in failing to take and complete payment for these goods as manufactured by defendants for the plaintiff. The complaint was in three counts. The first asserted a contract made by the president of the Selby Company, Lynn Selby—with a large down payment—for the manufacture by the Grandahls of the tools, dies, and equipment in making brooder stoves as invented by Selby for purchase and resale by his Company, and the completion of the contract leaving a balance due of $880, which the Company has failed and refused to pay. The other two counts were for changes and additions to the goods originally ordered, and for expenditures made on an order for 1,000 brooder stoves—all as left unpaid by the Company. Jurisdiction over this Maryland company was obtained by attachment of the goods in question.

The Selby Company removed that action to the federal court below and then filed its answer wherein it admits the original contract and that "there is a balance due but denies the refusal to pay the same." It then denies only the additional charges of the other counts. The answer also contained a counterclaim for $10,000 damages for delay and failure to manufacture and deliver brooder stoves. Shortly before trial the Company filed an "Amendment to Counter-Claim," thus: "The defendant moves for an order requiring the plaintiffs to deliver to the defendant the tools, dies and equipment referred to in Paragraph 4 of the First Count upon the payment by the defendant of said sum of $880, plus interest from the date of the completion of the manufacture of said items."

At the trial the defense appeared to be that Selby, the inventor, had made all the arrangements with the Grandahls before he had organized the Company, and that when so organized later, it took over only the original Grandahl contract. So the plaintiff Grandahls asked for an adjournment to obtain Selby's presence as a witness. After recess the parties and counsel reassembled and in a colloquy with the court stated they were discussing settle-

ment based on a withdrawal by each side of their respective claims. The court said: "If it is dismissed with prejudice it would be a determination on the merits, both on the claim and the counterclaim, so that the Defendant would not be able to bring suit on the same claim as the counterclaim either. * * * Both would be dismissed with prejudice. It would terminate both controversies."

Upon inquiry by the Grandahl counsel whether the tools and dies would not continue to belong to his clients after such a dismissal, the court examined the counterclaim and then said: "It would appear that the question of the ownership of the tools and dies would be settled in favor of the plaintiffs, the dismissal of the counterclaim with prejudice, because in the amendment of the counterclaim they would only be delivered to the Defendant. So if I understand the pleadings correctly, it would mean that the tools and dies would remain with the plaintiffs, and that the defendant company would not be liable to make any payment for the extra work or for the materials." Thereafter the judge declared that the action "is dismissed with prejudice. Your claim for $880.00 is also out of the window," and concluded, "The action and the counterclaim and amended counterclaim may be dismissed with prejudice." The judgment so recites, saying that such dismissal was had "after certain testimony and evidence were offered, and upon consideration of an oral stipulation of counsel."

■ In attacking the judgment below the plaintiff here suggests that the amendment to its counterclaim in the earlier suit probably did not state any cause of action at all. True, it is not artistic; but that is not a *sine qua non*. Dioguardi v. Durning, 2 Cir., 139 F.2d 774. As supplemented by its reference to matter in the original complaint, its meaning is quite clear; the defendant, still denying its responsibility for the additions claimed in the Second and Third Counts, asks for the property upon payment by it of the amount asserted by the plaintiffs in the First Count to be due upon the original contract. Moreover, the plaintiffs there raised no question as to the form of the pleading. Hence the testimony would unquestionably have removed any remaining vestige of doubt and made applicable the salutary principles of F.R. 15(b), "Amendments to Conform to the Evidence."

■ We turn then to plaintiff's major contention here that no adjudication had been had of any issue bearing upon plaintiff's present claim for possession of personalty. But this we find hard to fathom. To recover here plaintiff of course need show only a right to possession; but statement of that rule as an abstract principle is meaningless. For it is still necessary to ascertain upon what the right to possession is based. See McCoy v. American Exp. Co., 253 N.Y. 477, 481, 482, 171 N.E. 749; Gilbert v. Walker, 64 Conn. 390, 394, 395, 30 A. 132; Brower v. Perkins, 135 Conn. 675, 68 A.2d 146. There was here no bailment, prior possession, or other show of right upon which the plaintiff might rely; clearly it was forced back to the one basic issue of its contract with the Grandahls and the rights to possession of the goods arising under that contract. This of course is the basis of its Amendment to its Counterclaim. In order to show a right to possession it must show that it had performed, or was prepared to perform, any condition precedent; this it does by offering to pay the amount it now concedes to be due. Dismissal of this claim with prejudice settled this issue against the plaintiff once and for all, just as dismissal of the Grandahls' claims for money due settled that issue against them. Frost v. Bankers Commercial Corp., 2 Cir., 194 F.2d 505, 507; Monticello Tobacco Co. v. American Tobacco Co., 2 Cir., 197 F.2d 629, 631, certiorari denied 344 U.S. 875, 73 S.Ct. 168; Ira S. Bushey & Sons v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9, 19, certiorari denied W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, 335 U.S. 816, 69 S. Ct. 36, 93 L.Ed. 371; United States v. Swift & Co., 286 U.S. 106, 114, 115, 52 S.Ct. 460, 76 L.Ed. 999; Restatement, Judgments §§ 61, 68, 1942. And the careful explanation of the judge before entering the judgment, accepted by all at the time with

the thanks of counsel, left no room for doubt or excuse for misinterpretation.

We agree, therefore, with the judge's succinct explanation in his memorandum of decision below, as follows:

"An issue basic to the present action for conversion, however, right to possession on tender of the balance due of the agreed purchase price, based on ownership, was tendered by the amendment to the counterclaim, and by the dismissal of the counterclaim with prejudice was determined adversely to Selby. The issue of any balance due on the original contract, on the other hand, was determined adversely to the Grandahls by the dismissal of the Complaint. Since Selby cannot establish a right to possession in the face of the determination of that issue against it, it cannot now recover damages for conversion.

"The present Complaint does not set up any claim for relief on any basis not concluded by the dismissal of the counterclaim."

It is to be noted that plaintiff makes no suggestion of relinquishing the judgment in its favor denying defendants' claims to the $880. or other sum for the asserted additional work performed by them. Nothing could be more unfair than for plaintiff to receive the benefit of the immunity thus obtained and now try to obtain the goods which served as consideration to induce the grant of the immunity. The appeal therefore finds support in neither the law nor the equities and is quite without merit.

Affirmed.