ELLIOT R. VANDERLIP, EXECUTOR (ESTATE OF FRANCIS L. VANDERLIP) *v.* LORING E. VANDERLIP ET AL.

KING, MURPHY, SHEA, ALCORN and COVELLO, Js.

Argued February 6—decided March 7, 1962

*Reginald E. Francklyn,* with whom, on the brief, was *Colin C. Tait,* for the appellant (plaintiff).

*Joseph P. Cooney,* with whom were *Patrick J. Flaherty* and, on the brief, *Henry F. Cooney* and *John F. Scully,* for the appellee (named defendant).

KING, J. The plaintiff and the named defendant, hereinafter referred to as the defendant, are brothers. Their father, Francis L. VanDerlip, died on May 6, 1958. His last will and testament, executed November 18, 1953, was admitted to probate, and the plaintiff was qualified as executor, on or about June 25, 1958. The probate records indicate that the settlement of the estate was fully and properly completed on or about October 5, 1959.

Until the death of the decedent, he and the defendant had conducted an office furniture and

supply business in Hartford under a partnership agreement dated December 16, 1953. The agreement stated that upon "the death of either partner, the partnership shall terminate forthwith and title to the deceased partner's interest in the business shall immediately vest in the surviving partner." The agreement provided a method for fixing the value of the deceased partner's interest and for payment therefor to his estate by $5000 in cash and an instalment note, at a stated interest rate, for the balance.

On January 2, 1959, the defendant formed a corporation, F. L. VanDerlip Company, Inc., to carry on the business formerly conducted by the partnership. He was the principal stockholder. The plaintiff, as executor, brought this action at law against both the defendant and the corporation.

Construed most favorably for the pleader, the complaint alleged, in the first count, a conversion by the defendant of the property of the partnership by his sale of it, on or about April 29, 1959, to the corporation, and, in the second count, a conversion by the corporation by its purchase of the property from the defendant. Judgment was rendered in favor of both defendants. This appeal is taken only from the judgment in favor of the named defendant. In the view which we take of the case, it is unnecessary to discuss the evidence—generally credited by the trial court—offered by the defendant on the trial in support of his right to make the sale to the corporation.

At common law, in the absence of a contrary agreement, "the death of a partner dissolves the partnership, and the legal ownership and right of control of the partnership assets vests in the surviving partner, which he holds however as a

quasi-trustee for the estate of the deceased partner. It is his duty to liquidate the affairs of the partnership and account to the representative of the deceased partner, and pay over to him the estate's share of the net partnership assets." *Casey* v. *Hurley,* 112 Conn. 536, 538, 152 A. 892. Upon the death of the defendant's father, the partnership, by the terms of the agreement, terminated and title to the partnership assets, including the right of possession, dominion and control, vested in the defendant. These partnership assets formed no part of the father's estate, and the court's conclusion to that effect was correct. See *Faggelle* v. *Marenna,* 131 Conn. 277, 279, 38 A.2d 791. Indeed, the same result would have been reached at common law, had there been no agreement. *Casey* v. *Hurley,* supra; 40 Am. Jur. 337-339, §§ 299, 300. Under the agreement, the right of the estate, and that of the plaintiff as executor, was to receive from the defendant the value of the estate's share of the net partnership assets, computed and payable in accordance with the terms of the agreement. See *Weidlich* v. *Weidlich,* 147 Conn. 160, 163, 157 A.2d 910; 40 Am. Jur. 335, § 296.

While the complaint fails clearly to distinguish between the property of the partnership, on the one hand, and the estate's interest in the net proceeds of the partnership assets, on the other, the purported cause of action against the defendant is an ordinary action at law for his conversion of the partnership assets or property by their sale to the corporation.

"Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. *Laverty* v. *Snethen,* 68

N.Y. 522. It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm. Pollock's Law of Torts, p. 290." *Gilbert* v. *Walker*, 64 Conn. 390, 394, 30 A. 132; *Bruneau* v. *W. & W. Transportation Co.*, 138 Conn. 179, 182, 82 A.2d 923. The plaintiff, as executor, or, for that matter, even as a residuary legatee, had no rights of dominion or possession in the partnership assets, as such, nor any rights of ownership. Only the defendant had such rights. Neither the plaintiff nor anyone else lacking such rights could maintain an action for the conversion of the partnership property. *Railway Express Agency, Inc.* v. *Goodman's New York & Connecticut Express Corporation*, 129 Conn. 386, 389, 28 A.2d 869; *Coleman* v. *Francis*, 102 Conn. 612, 615, 129 A. 718; *Gilbert* v. *Walker*, supra; *Forbes* v. *Marsh*, 15 Conn. 384, 399; 1 Harper & James, Torts, § 2.8, pp. 116, 123. On this ground, alone, judgment was properly rendered for the defendant.

There is no error.

In this opinion the other judges concurred.