This action was brought by the plaintiff, an insurance carrier, against its insured and her attorney, to obtain reimbursement for basic reparations benefits paid to its insured under the no-fault provisions of an automobile insurance policy. The trial judge rendered a default judgment for failure to plead against the defendant insured and rendered judgment for the defendant attorney. The plaintiff has appealed from the judgment rendered for the defendant attorney. The sole issue presented is whether General Statutes 38-325 (b)[2] imposes a lien on the proceeds of a settlement that come into the hands of the insured's attorney who has full knowledge of the statutory lien, so as to impose liability on him for deducting legal fees and expenses and disbursing the remainder of the proceeds to the insured.
The facts, as stipulated by the parties, are as follows: The insured, Janet Correia, received basic reparations benefits of $1254.90 from the plaintiff for an injury she had received in an automobile accident. Notice of the plaintiff's claim against any recovery that Correia might obtain in a third party action was sent to Attorney Wilfred A. Rodie, who represented Correia at the time. After the notice was sent, the defendant J. Paul Tremont was engaged additionally to represent her. Subsequently, counsel for Correia *Page 598 
settled her claim with the third party tortfeasor, Ronald Romano, for $5500. Romano was an owner of a private passenger motor vehicle insured under the provisions of the no-fault insurance law. The settlement check was payable to the order of J. Paul Tremont and Janet Correia. Both Tremont and Correia endorsed the check, which was then deposited in Tremont's clients' funds account. On Correia's instruction, Tremont disbursed the proceeds by issuing checks to her attorney for fees and expenses and to Correia for the balance of the settlement amount.
In its memorandum of decision, the trial court found that the lien created by General Statutes 38-325 (b) was effective against the insured only, and did not impose a lien on the proceeds of recovery while they were in the attorney's possession. In construing the statute the trial court relied on the statutory language that the "insurer is entitled to reimbursement from the claimant" and that the "insurer shall have a lien on the claimant's recovery." This language was distinguished from that in the hospital lien statute, General Statutes 49-73, which imposes a lien on the proceeds of any accident or liability policy.
We disagree with the trial court's interpretation of 38-325 (b). Despite the language entitling the insurer to reimbursement from the claimant, the statute clearly states that a lien is to be imposed on the claimant's recovery. Nowhere is it specified that the recovery must be in the possession of the claimant. "Statutory language is to be given its plain and ordinary meaning unless such meaning is clearly at odds with the legislative intent." State v. Taylor,153 Conn. 72, 82, 214 A.2d 362 (1965), cert. denied,384 U.S. 921, 86 S.Ct. 1372, 16 L.Ed.2d 442
(1966). "The intention of the legislature, expressed in the language it uses, is the controlling factor and the application of common sense to the language is not to be excluded." United Aircraft Corporation v. Fusari, *Page 599 163 Conn. 401, 410-11, 311 A.2d 65 (1972). In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language. General Statutes 1-1 (a). In the present case the settlement check was endorsed by both Tremont and Correia and placed in Tremont's clients' funds account with Correia's knowledge. Tremont does not dispute that he had knowledge of the plaintiff's claim. Under these circumstances, we hold that the lien created by 38-325 (b), was imposed on the proceeds of the claimant's recovery while it was in the possession and control of her attorney.
We also find that the allegations in the complaint, as amended, are sufficient to support an action for conversion. A complaint must set forth facts which, if true, form the basis for a right to relief. This must be done with reasonable clarity. Practice Book, 108; McAnerney v. McAnerney, 165 Conn. 277, 282, 334 A.2d 437
(1973); Brill v. Ulrey, 159 Conn. 371, 374,269 A.2d 262 (1970). In order to establish conversion, the complaint must allege an unauthorized assumption and exercise of the right of ownership over the personal property of another to the detriment of the owner. VanDerlip v. VanDerlip, 149 Conn. 285,288-89, 179 A.2d 619 (1962); Bruneau v. W. 
W. Transportation Co., 138 Conn. 179, 182,82 A.2d 923 (1951); Gilbert v. Walker, 64 Conn. 390,394-95, 30 A. 132 (1894). The exercise of ownership over the property may take a number of forms, and may occur even when the original possession was not wrongful. Bruneau v. W. W. Transportation Co., supra, 182-83; Coleman v. Francis, 102 Conn. 612,615, 129 A. 718 (1925).
In its complaint and the amendment thereto the plaintiff alleged that it had a lien on the settlement proceeds; that the proceeds had been in the hands of J. Paul Tremont, who was Correia's attorney; that Tremont had notice of the lien; that under Correia's *Page 600 
instructions, Tremont disbursed the amount due the plaintiff under the statute; that Tremont disregarded the plaintiff's lien by writing checks to Correia's attorneys and to Correia; and that this was an unlawful violation of the plaintiff's statutory lien under 38-325 (b). This was sufficient to establish conversion as alleged.
An analogous situation exists in cases involving the federal tax lien statute. Under the federal law, 26 U.S.C. § 6321 (1970), when a taxpayer is in default on his taxes, a lien in favor of the government arises on all of the taxpayer's property, real and personal. As with the lien created by 38-325 (b), there is no directive to third parties who may be in possession of the delinquent taxpayer's funds to pay them directly to the lienor. Statutory filing requirements provide the element of notice. The courts have, under the theory of conversion, imposed liability on third parties who were in possession of funds or property to which a tax lien had attached and who made disbursements of such property which impaired the value of the government's lien. Such was the case in United States v. Allen, 207 F. Sup. 545
(E.D. Wash. 1962), where a taxpayer's escrow agent who held funds to which a tax lien had attached, disbursed the funds to the taxpayer's bank account pursuant to the taxpayer's instructions. Similarly, in Nomellini Construction Co. v. United States, 328 F. Sup. 1281 (E.D. Cal. 1971), a third party, Nomellini, who was in possession of the taxpayer's property to which a tax lien had attached, was found liable for converting the liened property, some of which he sold, intermingled with his own, or allowed to deteriorate. The court stated that the conversion action rested on Nomellini's conduct rendering the lien valueless. Id., 1285.
In the present case, Tremont impaired and even extinguished the plaintiff's lien by disbursing the funds to Correia and her attorneys, despite his knowledge of *Page 601 
the lien. This is sufficient to maintain an action in conversion. Since the facts, as stipulated, essentially conform to the allegations in the amended complaint, there is no need for a new trial.
 There is error as to the judgment for the defendant J. Paul Tremont; the judgment as to him is set aside and the case is remanded with direction to render judgment for the plaintiff against him in the amount of $1254.90.
In this opinion SHEA and DALY, Js., concurred.