[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Raymond M. Holmes, III commenced this action against the following defendants: Leo J. Golub, Audrey Golub, Louis P. Saxe, New London Inn Associates and New London Lodging Associates.
Between 1975 and January 1986 the plaintiff was employed by Stengol Corporation which was the operating company for the Holiday Inn located in New London. New London Inn Associates (Inn) is a limited partnership with the following partners in January, 1980: Stengol Corporation 50%, Leo Golub 25% and Louis Saxe 25%.
The testimony elicited indicates that during the early part of January 1980, the plaintiff received a 5% interest in Inn. Plaintiff testified that it was his understanding that he would receive compensation for his interest when and if he left Stengol. In consideration for this interest, plaintiff paid $2,500.00 in cash and executed a note for $21,700.00. Approximately one year after, an additional 1% interest in Inn was given to plaintiff with no additional consideration.
In May 1981 plaintiff received 6% interest in a new partnership, New London Lodgings Associates (Lodgings). Inn Associates transferred Lodgings land it owned which, in effect, formed the basis of the new partnership. The composition of this new partnership was as follows: Golub 25%, Saxe 25%, Holmes 5%, Traub 5% and Stengol 40%. The partners agreed, however, that the plaintiff's interest was, in fact, 6%.
Sometime in January 1986, the plaintiff indicated his intention to leave the employ of Stengol and work for a rival inn. The parties all agree that this presented a traumatic situation for all concerned because of the closeness of the CT Page 7663 plaintiff with the Golubs. Extensive efforts were made to keep the plaintiff from leaving. Several meetings were held and additional compensation was offered in an attempt to keep the plaintiff from leaving. All of these efforts failed.
Holmes was given a check for $2,500.00 and the extinguishment of the note of $21,700.00 for and in consideration of his 6% partnership interest. Holmes took the check and left.
Several months later, the check was returned and plaintiff sought to be compensated for his interest in the partnership.
In 1987, Golub amended the partnership by eliminating plaintiff's 6% interest and returning that interest to Stengol Corporation. K-1 partnership returns further indicated that plaintiff's interest had been reduced to 0%.
The plaintiff then commenced a law suit claiming fraud and conversion.
It is axiomatic that to establish fraud in Connecticut, one must establish that the representation was made as a statement of fact, it was made to induce action by the other party, it was in fact, untrue and was known to be untrue, and the plaintiff was justified in relying upon it. Kavarco v. T. J. E., Inc. 2 Conn. App. 294, 296 (1984).
Nothing in the testimony presented by any of the parties indicates that any of the ingredients necessary to prevail in a fraud claim are present.
The only issue remaining is whether conversion can be maintained in an alleged wrongful extinguishment of a partnership interest.
The Court is of the opinion that such a claim cannot be maintained. The plaintiff has not provided the Court with any authority that a partnership interest is subject to a claim in conversion. Clearly a partnership interest is of such an intangible nature that it does not fall within the usual category of property interest normally associated with conversion.
 "`Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. Laverty v. Snethen, 68 N.Y. 522
(1877). It is some unauthorized act which CT Page 7664 deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm. Pollock's Law of Torts, p. 290.' Gilbert v. Walker, 64 Conn. 390, 394, 30 A. 132 (1894); Bruneau v. W. W. Transportation Co., 138 Conn. 179, 182, 82 A.2d 923. (1951)." VanDerlip v. VanDerlip, 149 Conn. 285, 288-89, 179 A.2d 619 (1962).
Falker v. Samperi, 190 Conn. 412, 419-20 (1983).
The court further recognizes that intangible property interests have not traditionally been subject to conversion, although inroads have been made on this exception. See Harper, James, Gray, The Law of Torts, 2d ed. Section 2.13.
Prosser and Keaton on The Law of Torts, 5th Ed. Section 15, have further recognized the relaxation of the rule:
 "The first relaxation of the rule was with respect to the conversion of a document in which tangible rights were merged, so that the one became the symbol of the other — as in the case of a promissory note, a check, a bond, a bill of lading, or a stock certificate. This was then extended to include intangible rights to which a tangible object, converted by the defendant, was highly important — as in the case of a savings bank book, an insurance policy, a tax receipt, account books, or a receipted account. In all of these cases the conversion of the tangible thing was held to include conversion of the intangible rights, and to carry damages for it. The final step was to find conversion of the rights themselves where there was no accompanying conversion of anything tangible — as, for example, where a corporation refuses to register a transfer of the rights of a shareholder on its books.
 The process of expansion has stopped with the kind of intangible rights which are customarily merged in, or identified with CT Page 7665 some document. There is perhaps no very valid and essential reason why there might not be conversion of an ordinary debt, the good will of a business, or even an idea, or `any species of personal property which is the subject of private ownership.'"
This court has been unable to find any case in Connecticut, or elsewhere, which directly involves the conversion of a partnership interest. It would appear to the Court that there can be no conversion of a partnership interest, as the interest is not merged into or identified with some tangible object.
The Court's conclusion is made despite a 1980 Florida case which has held that conversion may be properly brought for the wrongful taking over of an intangible interest in a business venture. See In v. Estate of Corlun, 391 So.2d 731 (Fla.App. 1980).
In the action entitled Stengol Corp. v. Raymond M. Holmes, III, which was merged with the instant action, the Court finds for the defendants.
In the action entitled Holmes v. Golub, et al, Docket #87-504931S, the Court finds for the defendants on all counts.
MIHALAKOS, J.