[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to strike plaintiff's first special defense and his revised special defenses on the ground that they are legally insufficient. The cause of action is based upon an alleged breach of contract. The plaintiff was formerly engaged by the defendant to undertake a confidential search to identify and negotiate the terms of sale with a purchaser of defendant's assets. The plaintiff acted on behalf of the defendant as a "lawyer/investment banker" as evidenced by Exhibits A and B of the complaint, dated, respectively, November 2, 1988 and December 9, 1988. As a result of plaintiff's efforts, a "Letter of Intent," dated May 30, 1992, outlining the principals of a proposed acquisition, was executed by the defendant. (Exhibit C). The document specifically acknowledges the plaintiff as "the only intermediary involved in bring (sic) about the transaction outlined in this letter of intent."
The defendant filed an answer and several special defenses and a lengthy counterclaim (revised) to which the plaintiff pleaded. A Motion to Strike challenges the legal sufficiency of a pleading. P.B. 152. Mingachos v. CBS, Inc., 196 Conn. 91,108-109 (1985). In deciding the motion, the court must look to the facts alleged in the challenged pleading and accept all facts well-pleaded as true. See, King v. Board of Education, 195 Conn. 90, CT Page 7024 93 (1985); Alarm Applications v. Simsbury Volunteer Fire Co.,197 Conn. 541, 545 (1980). The main thrust of defendant's arguments in support of its motion to strike is that it does not agree with nor accept as true the facts pleaded in the special defenses to its counterclaim. The court, however, must view the challenged pleadings in accordance with well-established principles. A party is entitled to have his theory of the case submitted to the jury in accordance with the pleadings and proof and the allegations of the special defenses at issue here must set forth with reasonable clarity facts which, if true, form the basis for a right to relief. See, Unigard Ins. Co. v. Tremont,37 Conn. Sup. 596, 599 (1981).
The defendant's revised counterclaim alleges negligence as well as a CUTPA violation. The special defenses were revised in response to defendant's objections that the earlier ones failed to allege adequate facts. A fair reading of the pleadings reveals no basis for support of the claims made in the defendant's motion. Accordingly, the Motion to Strike is denied.
BY THE COURT LEANDER C. GRAY, JUDGE