[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 3251
This is the second motion to strike in this action which concerns an alleged conspiracy to have the plaintiff George L. DePasquale sign an irrevocable proxy and employment agreement which allowed his son Blaise DePasquale to assume control of Hartford Electric Supply Company ("HESCO"). Counts six through eleven and count twenty-two are directed against the defendant J. Michael Purcell, an accountant, and Kostin, Ruffkess and Co., P.C., the accounting firm that employs Purcell. The plaintiffs allege that Purcell served as an accountant for HESCO and George DePasquale. The allegations against the defendants sound in negligence, CUTPA, breach of fiduciary duty, fraud, negligent misrepresentation, and conspiracy to commit conversion.
The defendants have moved to strike counts seven, eight, nine, eleven and twenty-two. The motion to strike, of course, admits all facts well-pleaded, State v. Bashura,37 Conn. Sup. 745, 748 (1981), and the facts alleged in the complaint are to be construed in the manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980).
In count seven, the plaintiffs allege, inter alia, that the Kostin, Ruffkess defendants are negligent because they failed to inform the plaintiff George DePasquale of the negative impact these transactions would have on share value, failed to obtain permission from the plaintiff to make changes in the agreement, failed to advise the plaintiff of the increased salary and bonuses payable to Blaise, failed to thoroughly review the agreement with the plaintiff, and failed to explain the financial effect of the agreements. The defendants claim that the plaintiffs have failed to allege sufficient subordinate facts to support this negligence count. More specifically, the defendants argue that the plaintiffs' allegations do not establish that the defendants owed a duty to advise the plaintiffs as to the soundness of their business decisions.
"[T]he existence of a duty of care is an essential element of negligence. . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harms of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted.) Coburn v. Lenox Homes, Inc., 186 Conn. 370, CT Page 3252 375 (emphasis added). When viewed in the light most favorable to the pleader, the plaintiffs have sufficiently alleged circumstances under which the defendants should have realized that, as the plaintiffs' accountants, they were obligated to supply plaintiffs with information concerning their financial transactions. A duty to inform the plaintiffs of certain financial consequences has been alleged, and a cause of action sounding in negligence has been sufficiently pleaded.
The defendants reliance upon Noble v. Marshall,23 Conn. App. 227, 231 (1990) is misplaced. In Noble, the court discussed whether a violation of the Rules of Professional Conduct gives rise to a CUTPA claim in favor of a client against his attorney and held that "the Rules of Professional Conduct do not of themselves give rise to a cause of action." Id., 231. In the present case, the plaintiffs do not rely solely on a violation of the Accountant's Code to form the basis of their seventh count. Although portions of the complaint allege deviations from the acceptable standards of care established by various bodies governing certified public accountants, a substantial number of the allegations are best described as alleging acts of misfeasance and nonfeasance on the part of the defendants.
The Noble case is, however, relevant in determining the legal sufficiency of the plaintiffs' eighth count, which alleges a CUTPA violation. The plaintiffs' claimed CUTPA violation is based on more than just a breach of professional rules as the plaintiffs also allege breach of fiduciary duty, conversion, and negligence.
In determining whether there is a CUTPA violation, our courts apply the criteria set out in the `cigarette rule' established by the federal trade commission. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). Three factors are looked at to determine if an action or a practice is unfair: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy . . .; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers." (Citations omitted.) Id.
While Noble might have been controlling in the present case if the plaintiffs had based their claim solely upon violations of the Accountant's Code, more than this has been alleged. The allegations, if proven, could establish a CUTPA CT Page 3253 violation under the cigarette rule. Accordingly, the motion to strike the eighth count is denied.
The plaintiffs allege that the defendants violated a fiduciary duty to George DePasquale when, inter alia, they frustrated his attempts to obtain full disclosure of the consequences of all transactions relating to HESCO. The defendants claim that count nine should be stricken because a fiduciary relationship has not been sufficiently alleged. "A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other . . ." Dunham v. Dunham,204 Conn. 303, 322 (1987). Whether or not a fiduciary duty exists is a question of fact reserved for the trier of fact and is not properly decided on a motion to strike. Connecticut National Bank v. Anderson, 5 Conn. L. Rptr. 60, 61 (October 21, 1991, Pickett, J.). Accordingly, the motion to strike the ninth count is denied.
In the eleventh count of the complaint, the plaintiffs allege that the defendant Purcell failed to communicate to them material information which he knew or should have known he had a duty to communicate. The plaintiffs argue that this failure to communicate constitutes negligent misrepresentation which caused the plaintiffs substantial financial loss and emotional distress. The defendant argues that this claim is legally insufficient because the complaint does not set forth facts showing Purcell made representations containing false information. The dispositive issue in deciding if this count is legally sufficient is whether a claim of negligent misrepresentation can be based on a defendant's failure to speak when he has a duty to do so. The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation . . . even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has a duty of knowing the truth.'" D'Ulisse-Cupo v. Directors of Notre Dame High School, 202 Conn. 206, 217. "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining CT Page 3254 or communicating the information." Id. at 217-28. The count may not be stricken.
The defendants seek to strike count twenty-two alleging conspiracy to commit conversion. The defendants claim that they do not possess plaintiffs' property and argue that the failure to allege such possession by these defendants requires that this count be stricken. The plaintiffs do not allege that the defendants Kostin, Ruffkess and Purcell converted their property. Rather, they allege that these defendants conspired with the defendant Blaise DePasquale to refuse to rescind the irrevocable proxy and employment agreement. The conversion itself, if any, is a consequence of the proxy and employment agreements, which allegedly deprive the plaintiffs of their property. The twenty-second count alleges that the defendants are engaged in a conspiracy to allow this unlawful conversion to continue.
 "`Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. Lavery v. Snethen, 68 N.Y. 522
[1877]. It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm. Pollock's Law of Torts, p. 290.' Gilbert v. Walker, 64 Conn. 390, 394, 30 A. 132
[1894]; Bruneau v. W. W. Transportation Co., 138 Conn. 179, 182, 82 A.2d 923 [1951-]." VanDerlip v. VanDerlip, 149 Conn. 285, 288-89, 179 A.2d 619 (1962).
Falkner v. Samperi, 190 Conn. 412, 419-20 (1983). "Accurately speaking . . . there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." Cole v. Associated Construction CT Page 3255 Co., 141 Conn. 49, 54 (1954). Conspirators must combine to do an unlawful act or a lawful act by unlawful means. Jones v. O'Connell, 189 Conn. 648, 662 (1983). The plaintiffs have sufficiently alleged that these defendants have conspired to unlawfully deprive the plaintiff George DePasquale of his property and his right to dominion and control of this property.
Thus, count twenty-two sufficiently alleges an action for conspiracy to commit conversation and the request to strike it is denied.
Lastly, the defendants move to strike all claims of Josephine DePasquale on the ground that she has no interest in the property at issue in this matter. For reasons previously stated by this court in its July 1993 Memorandum of Decision, the claims of Josephine DePasquale are stricken.
To summarize, the motion to strike all claims of Josephine DePasquale is granted. The motion to strike counts Seven, Eight, Nine, Eleven, and Twenty-two is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT